```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHARLES PROVINI, | CIVIL ACTION NO. 08-2301 (MLC) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. |  |
| PARADIGM GLOBAL ADVISORS, LLC, |  |
| Defendant. |  |

**THE COURT** examining jurisdiction in this action brought (1) on May 13, 2008, (2) against the defendant, Paradigm Global Advisors, LLC ("PLLC"), and (3) to recover damages for breach of an employment agreement ("Agreement") (dkt. entry no. 1, Compl.); and the plaintiff (1) asserting jurisdiction under 28 U.S.C. § ("Section") 1332 (Compl., at 2), and (2) bearing the burden of demonstrating jurisdiction, see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007), Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction lacking); and

**IT APPEARING** that the plaintiff is a New Jersey citizen (Compl., at 1); but the plaintiff providing a "meaningless" allegation that PLLC is a New York limited liability company with a New York principal office (id.), Preferred Merch. Hood v. Fam. Dollar, No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006), see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship), as limited liability companies are (1)

unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); and it appearing also that the citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003); and

**THE COURT**, due to the plaintiff's deficient allegations, being unable to determine if he is deemed a "citizen[] of [a] different State[]" in relation to PLLC, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court intending to dismiss the complaint for lack of jurisdiction unless the plaintiff properly (1) lists the names — and provides supporting documentation tracing and analyzing the citizenship — of each member of PLLC, on May 13, 2008, and (2) demonstrates that jurisdiction under Section 1332 existed on May 13, 2008; and the Court advising the plaintiff that a response as to PLLC's

current citizenship, as opposed to citizenship when the action was first brought, will be insufficient;[1] and

    **THE PLAINTIFF BEING CAUTIONED** against restating the complaint's citizenship allegations; and the plaintiff being advised that allegations as to where a member resides, is licensed, or has a place of business — as opposed to is a citizen or domiciled — will not properly invoke the Court's jurisdiction, see Cruz v. Pa., No. 07-2225, 2008 WL 2043513, at *2 (3d Cir. May 14, 2008), Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and the Court advising the plaintiff that a response based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction, will result in the dismissal of the complaint, see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship to be alleged "affirmatively and distinctly"), Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is upon information and belief "does not convince the Court that there is diversity among the parties"); and it appearing that as the plaintiff is represented by counsel, the Court

---

[1] It is the plaintiff's duty to ascertain jurisdiction before choosing to bring an action in federal court, even if the membership of a limited liability company is not available on a public database. Thus, the plaintiff will refrain from merely providing the names of PLLC's officers or managing members, as non-managing members also must be listed for this analysis.

"should not need to underscore the importance of adequately pleading and proving diversity", CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

**THE PLAINTIFF** being advised that a dismissal here would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**THE COURT** also being concerned whether venue is proper here, as (1) it appears that the plaintiff worked as the defendant's president in the office located in the Borough of Manhattan, City of New York, State of New York ("Manhattan"), (2) it appears that the plaintiff was supervised in Manhattan, and (3) the Agreement is "governed by New York law" (Compl., Ex. A, 1-10-07 Employment Offer); and the Court having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and the Court, if the plaintiff shows that jurisdiction exists, intending to order the plaintiff to show cause why the action should not be transferred to the United States District Court for the Southern District of New York, which encompasses Manhattan; and for good cause appearing;

**IT IS THEREFORE** on this        19th         day of May, 2008 **ORDERED** that the plaintiff shall **SHOW CAUSE** why the action should not be (1) dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § 1332, or (2) assuming there is jurisdiction, transferred to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404; and

**IT IS FURTHER ORDERED** that the plaintiff will file a response electronically by 5 P.M. on June 4, 2008;[2] and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[3] and

**IT IS FURTHER ORDERED** that if the plaintiff fails to respond to this order to show cause, then the plaintiff will be deemed to be in support of either dismissal or transfer of venue; and

---

[2]  The Court will disregard responses that are not filed electronically.

[3]  Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this order to show cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry.  These dates have been set accordingly.  See Freedman, 180 Fed.Appx. at 317-20 (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond).

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **THURSDAY, JUNE 5, 2008,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge